**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SAJURNIA A. HARRIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>**Defendant.** | ) | **Case No. 21-cv-03401 (APM)** |

**MEMORANDUM OPINION**

**I.**

Pro se Plaintiff Sajurnia Harris is a former employee of Defendant U.S. Department of Health and Human Services ("HHS" or "Defendant"). In December 2018, HHS terminated her from the position of purchasing agent, which she appealed to the Merit Systems Protection Board ("MSPB"). After an administrative law judge ("ALJ") issued an Initial Decision affirming her termination, Plaintiff brought this "mixed case" both challenging the MSPB's Initial Decision and asserting claims of discrimination in violation of various federal laws.[1] Before the court are two motions for summary judgment. The first seeks entry of judgment affirming the decision of the MSPB. *See* Def.'s Mot. for Partial Summ. J., ECF No. 67-1 [hereinafter Def.'s First Mot.]. The second asks for judgment as to Plaintiff's remaining discrimination claims. *See* Def.'s Mot. for Summ. J., ECF No. 82 [hereinafter Def.'s Second Mot.].[2]

For the reasons explained below, the court grants both motions.

[1] The way in which this case came to this court is somewhat complicated. The court described that journey in an earlier decision and does not repeat it here. *See* Mem. Op., ECF No. 55, at 1–2 n.1.

[2] The court previously dismissed Plaintiff's constructive discharge, hostile work environment (age), and disparate impact claims. *See* Mem. Op., ECF No. 55, at 3–7.

## II.

The court starts with Defendant's motion centered on the MSPB's Initial Decision. After that motion became ripe, the full Board denied Plaintiff's petition for review; concurred with the ALJ's findings, except as to one specification; and affirmed the ALJ's ruling sustaining her termination. Final Order, ECF No. 84-1. Because the full Board denied Plaintiff's petition, the Initial Decision became final and thus remains the decision subject to this court's review. *See Butler v. West*, 164 F.3d 634, 639 (D.C. Cir. 1999).

That review is "deferential." *Perry v. Raimondo*, 101 F.4th 55, 63 (D.C. Cir. 2024). The court "need only decide whether the Board's conclusion that [the agency] had reasonable grounds to fire [the plaintiff] was 'arbitrary or capricious[,] . . . unsupported by substantial evidence or otherwise not in accordance with law.'" *Id.* at 65 (quoting *Barnes v. Small*, 840 F.2d 972, 979 (D.C. Cir. 1988)). In evaluating the ruling for substantial evidentiary support, the court looks to whether "the record contains 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Barnes*, 840 F.2d at 979 (quoting *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966)). An ALJ's findings as to witness credibility are "virtually unreviewable," and a "re-weigh[ing] [of] conflicting evidence" is beyond the court's proper function. *Bieber v. Dep't of the Army*, 287 F.3d 1358, 1364 (Fed. Cir. 2002).

In its opening brief, HHS meticulously details the evidence that was before the ALJ. Def.'s First Mot. at 1–15. It then summarizes the ALJ's factual findings and legal conclusions. *See id.* at 18–26. For her part, Plaintiff argues that a grant of summary judgment would be improper because discovery was then ongoing and therefore the record was incomplete. Pl.'s Opp'n to Def.'s First Mot., ECF No. 74 [hereinafter Pl.'s First Opp'n], at 1–2. She also insists

that there are genuine disputes of material fact that foreclose entry of judgment. *See id.* at 1–2, 71–74.

Plaintiff misunderstands the nature of the court's review. The court must consider her "nondiscrimination claims on the administrative record." *Butler*, 164 F.3d at 639 n.10. Discovery as to her discrimination claims therefore does not prevent this court from affirming the MSPB's ruling on summary judgment. What's more, the court's task is not to determine whether there are genuine disputes of material fact, as is the case under Federal Rule of Civil Procedure 56. It is to assess whether the administrative decision is supported by substantial evidence. *See Perry*, 101 F.4th at 63. Plaintiff cannot avoid summary judgment by asking the court to reweigh the evidence.

The bulk of Plaintiff's brief is difficult to follow. Across nearly 70 pages, she treats HHS's recitation of the record evidence as if it were a statement of undisputed facts, admitting some and denying others. *See* Pl.'s First Opp'n at 2–71. When she disputes a fact, her responses are either incomplete (for instance, she leaves question marks ("???") as placeholders throughout), lack evidentiary support, or seek to recharacterize the evidence. *See id.* Nowhere does she precisely identify any instance of the ALJ committing a legal error or making a factual finding without evidentiary support.[3]

Still, the court has carefully reviewed the ALJ's Initial Decision, the full Board's Final Order, and the administrative record, and it holds that the MSPB's conclusion that "the penalty of removal was reasonable and carefully considered, and therefore cannot be mitigated" was supported by substantial evidence. Admin. Record ("AR"), ECF No. 90-3 [hereinafter Initial

[3] As noted, the full Board did reverse the ALJ's finding as to one specification of the charge of absent without leave (AWOL). Final Order at 2–3. But it did not find that error to be prejudicial, because it sustained the ALJ's other findings of violations, including for two other AWOL specifications. *Id.* at 4.

Decision], at 1511. Much of the evidence was testimonial, and the ALJ found the agency's decisionmakers, including her supervisor James Chestnut, to be more credible than Plaintiff. *See, e.g., id.* at 1496 ("I find the testimony of Mr. Chestnut outweighs the testimony of Ms. Harris."), 1499 ("The appellant's testimony was self-serving."), 1501 ("The appellant's testimony was inconsistent with her prior statements."), 1504 ("I find the appellant's testimony to be unreliable . . .").[4] The agency also submitted substantial documentary evidence establishing the workplace rules violations that led to Plaintiff's termination. *See, e.g., id.* at 1496, 1501, 1503–05 (quoting emails and other records). The court therefore finds that "the record contains relevant evidence as a reasonable mind might accept as adequate to support" the MSPB's final decision and grants HHS's motion for summary judgment. *Barnes*, 840 F.2d at 979 (internal quotation marks omitted).

**III.**

What remains of Plaintiff's case are the following discrimination claims: (1) disparate treatment and retaliation in violation of the Rehabilitation Act, (Claims 6D,[5] 7E, ant 11); (2) failure to accommodate also under the Rehabilitation Act (Claim 5b); and (3) a violation of the Equal Pay Act (Claim 9G). In moving for summary judgment, consistent with Local Civil Rule 7(h), Defendant submitted a separate statement of undisputed material facts. *See* Def.'s Second Mot., Def.'s Stmt. of Undisputed Material Facts, ECF No. 82-2 [hereinafter Def.'s Stmt.]. Plaintiff did not, however, submit with her opposition brief "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated." LCvR 7(h)(1). The court reminded Plaintiff orally of this requirement, Hr'g Tr.,

[4] The ALJ made similar credibility determinations as to Plaintiff's discrimination-based defenses, *see, e.g.,* AR 1517 (crediting agency witness testimony that workplace disciplinary actions were not motivated by Plaintiff's sex), but the court recognizes Plaintiff is entitled to a trial de novo on those claims. See *Perry*, 101 F.4th at 62.

[5] Plaintiff labels Claim 6D as one under the Americans with Disabilities Act (ADA). Am. Compl., ECF No. 20, at 13. But the ADA does not apply to federal employers, so the court treats it as a claim under the Rehabilitation Act, which does. *See Wise v. DeJoy*, 71 F.4th 744, 748 n.1 (10th Cir. 2023); *Jolley v. United States*, No. 21-cv-2709 (TSC), 2023 WL 3619415, at *4 (D.D.C. May 24, 2023).

3/15/24, at 3–4, and advised her in writing about the need to rebut Defendant's asserted facts with evidence, Order, ECF No. 83. She did not heed these warnings. Instead, embedded within her brief, Plaintiff identifies a list of seven "factual disputes" that she believes "necessitates trial." Pl.'s Opp'n to Def.'s Second Mot., ECF No. 85 [hereinafter Pl.'s Second Opp'n], at 5–6. She then sets forth a 113-paragraph list of "more genuine disputes of material fact." *Id.* at 9–18. Many of these paragraphs do not assert facts, and those that arguably do are not accompanied by any record citation—despite having submitted over 200 pages of exhibits. *See* Pl.'s Exs., ECF No. 86. The court is under no obligation to sift through these documents to distill facts. *See Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J., concurring). A court may "consider [a] fact undisputed" if it is not properly contested. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016) (quoting Fed. R. Civ. P. 56(e)(2)). That is the case here. Accordingly, the court will assume the facts offered by Defendant to be true in resolving the motion.

**A.**

When an employer, as here, on summary judgment provides a neutral explanation for an employment action, the question becomes "whether the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted nondiscriminatory or non-retaliatory reason was not the actual reason and that the employer intentionally discriminated or retaliated against the employee." *Walker v. Johnson*, 798 F.3d 1085, 1092 (D.C. Cir. 2015) (internal quotation marks omitted); *see also Giles v. Transit Emps. Fed. Credit Union*, 794 F.3d 1, 6 (D.C. Cir. 2015). Plaintiff has not done so.

The record evidence firmly establishes that Plaintiff was suspended and then removed from federal service for being AWOL on multiple days, failing repeatedly to follow her supervisor's

instructions, and exhibiting a lack of candor. Def.'s Stmt. ¶¶ 50–55, 164, 172–175. Plaintiff offers no evidence—at least none the court can discern—that would permit a reasonable trier of fact to conclude that these were not the true reasons for her suspension and termination. Plaintiff offers neither direct evidence of discrimination nor any proof of pretext, such as shifting explanations for the workplace discipline, *see Giles*, 794 F.3d at 8, or more favorable treatment of similarly situated comparators, *see Jones as Next Friend of A.H. v. District of Columbia*, 805 F. Supp. 3d 218, 247 (D.D.C. 2025). She therefore has not established a genuine dispute of fact as to the true reasons for her suspension and termination. Summary judgment therefore will be entered in favor of HHS as to those claims.

**B.**

Plaintiff's failure-to-accommodate claim is muddled. Her complaint centers on the denial of requested medical leave. Am. Compl., ECF No. 20, at 6–9. It also references the denial of a parking pass. *See id.* at 10–12. She also sought annual leave restoration and advanced sick leave. Def.'s Stmt. ¶ 186.

The sole ground on which HHS moves for summary judgment is that Plaintiff was not denied reasonable accommodation. Def.'s Second Mot. at 32–36. Plaintiff does not respond to the argument. Pl.'s Second Opp'n at 21–22. Instead, she makes a series of conclusory assertions, including that she "has raised genuine issues of material fact regarding the reasonableness and adequacy of the accommodations provided by the Defendant," the accommodations "failed to address the specific limitations imposed by her disability," Defendant did not "engage" in the "interactive process," and Defendant's claim of "undue hardship" (which it has not made) "requires a thorough factual examination." *Id.* None of these contentions address the ground on which the agency has moved. Plaintiff's failure to respond to HHS's argument is by itself reason

to grant summary judgment as to her reasonable accommodation claim. *See Texas v. United States*, 798 F.3d 1108, 1113–15 (D.C. Cir. 2015) (recognizing that the district court may treat as conceded an argument to which the opposing party fails to respond). She also has not disputed any of the facts underlying HHS's argument, including that the agency granted her a disabled parking space, Def.'s Stmt. ¶¶ 183, 196; she did not forfeit any annual leave during her employment and therefore was not entitled to leave restoration, *id.* ¶¶ 204–205; and she did not complete the required form or clarify her request for advanced leave, *id.* ¶¶ 143–148, 203. The court therefore grants judgment to Defendant on her failure-to-accommodate claim.[6]

**C.**

That leaves only her claim under the Equal Pay Act (EPA).[7] The court quickly disposes of it. For one, Plaintiff did not respond to Defendant's EPA argument and, for that reason alone, Defendant prevails. *See Texas*, 798 F.3d at 1113–15. For another, she does not rebut any of the facts proffered by Defendant showing that she did not perform work substantially similar to the higher-paid male comparator, Richard Mitchell. Def.'s Stmt. ¶¶ 5–13; *Thompson v. Sawyer*, 678 F.2d 257, 275 (D.C. Cir. 1982). Judgment will be entered in Defendant's favor on Plaintiff's EPA claim.

**IV.**

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 67, is granted. The court enters judgment in Defendant's favor as to those claims challenging the

---

[6] Plaintiff alludes to a failure by the agency to engage in the interactive process, Pl.'s Second Opp'n at 22, but she does not elaborate how the agency fell short.

[7] At the time Defendants filed their brief, the court lacked jurisdiction to entertain Plaintiff's EPA claim, as the D.C. Circuit had long held that federal-sector claims under the Fair Labor Standards Act—which includes the EPA—can be heard only by the Court of Federal Claims under the Little Tucker Act. *See Waters v. Rumsfeld*, 320 F.3d 265, 270–72 (D.C. Cir. 2003). Recently, the D.C. Circuit overruled *Waters*, holding that district courts and the Court of Federal Claims have concurrent jurisdiction over federal-sector FLSA claims. *See Ruppe v. Rubio*, No. 24-5199, 2026 WL 2211185, at *1 (D.C. Cir. July 31, 2026). So, the Little Tucker Act poses no bar to jurisdiction.

MSPB's affirmance of her termination (Claims 1, 2, 3, 4, 10H, and 12). The court also grants Defendant's Motion for Summary Judgment, ECF No. 82. The court enters judgment in Defendant's favor as to Plaintiff's (1) disparate treatment and retaliation claims in violation of the Rehabilitation Act, (Claims 6D, 7E, and 11); (2) her failure-to-accommodate claim also under the Rehabilitation Act (Claim 5b); and (3) her Equal Pay Act claim (Claim 9G).

Defendant's Motion for Leave to File Administrative Record, ECF No. 90, is granted. Plaintiff's Motion to Compel, ECF No. 69, is denied.

A separate, final appealable order accompanies this Memorandum Opinion.

Dated: August 19, 2026

Amit P. Mehta
United States District Judge